VIVIAN JANET BOWMAN                                           PLAINTIFF

v.                                          CIVIL ACTION NO. 1:09-CV-149-R

TAMMY CANAPP *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Vivian Janet Bowman filed this *pro se* action against Tammy Canapp, Kory Twyman, and Ellen Fryman.  Plaintiff alleges that "all Defendants abused me while I was working as a teacher in Richardsville Elementary School . . . threat, false statement and terror tactics they used on me because I am a 64 year old teacher in excellent health."  She states that Defendants are guilty of "elder abuse."

Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff does not identify a particular federal claim or cause of action. However, because she mentions her age and the fact that she believes Defendants committed "elder abuse" in the course of her employment, the Court construes her action as being brought pursuant to Age Discrimination in Employment Act, which makes it an unlawful employment practice to "fail or refuse to hire or to discharge" an individual because of that person's age. 29 U.S.C. § 623(a)(1). However, supervisors and/or fellow employees are not proper defendants under the ADEA; the only proper defendant is the employer. *See Smith v. Allstate Ins. Co.*, 195 F. App'x 389, 397 (6th Cir. 2006). Accordingly, all ADEA claims against the Defendants will be dismissed for failure to state a claim.

Plaintiff also mentions assault in her complaint. There is no federal cause of action for "assault." Any assault claim would have to be predicated on state law. Because Plaintiff's complaint reveals that all the parties are citizens of Kentucky, the Court lacks jurisdiction over the state-law causes of action. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001) ("Section 1332 confers federal jurisdiction only if complete diversity of citizenship exists, such that no party has the same citizenship as any opposing party.").

Plaintiff has also filed a motion to amend her complaint to add the following Defendants: Gordon Turner, Tim Wilson, the Bowling Green Police Department and the City of Bowling Green. She states in her motion that she wishes to add these individuals as Defendants to this

action because "they have intentionally done damage to the left side of my car, the drivers side. They have with evil intentions slander and false accuse me to rob me of a livelihood." Plaintiff's motion to amend (DN 7) is **GRANTED**.

However, Plaintiff's claims of slander, false light, and property damage once again are all state-law claims. Because complete diversity is lacking, the Court also lacks jurisdiction over these state-law claims.

The Court will enter a separate Order dismissing Plaintiff's federal-law claim with prejudice and her state-law claims without prejudice.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.008